IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01343-WYD-MEH

DALLAS BUYERS CLUB, LLC,

    Plaintiff,

v.

JOHN DOES 1-15,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on July 24, 2015.**

    In light of the identifying information about Doe #10 provided to the Court and served on Plaintiff, Doe #10's Motion to Quash/Vacate Subpoena [filed July 22, 2015; docket #12] is **denied as moot**. By moving to quash the subpoena served upon Century Link in this case, Doe #10 apparently objects to Century Link's disclosure of her name, address, and other identifying information to the Plaintiff, which is the same information Plaintiff requests in such subpoena.

    In cases like this where defendants object to the disclosure of identifying information, but such information is disclosed, courts have found that such motions may be rendered moot by the disclosure. *See First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 248 n.7 (N.D. Ill. 2011) (noting that defendants moving to quash subpoenas served on their internet service providers for their identifying information "may have very nearly rendered moot their own motions to quash" by filing the motions under their own names and addresses); *see also Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4, 577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) (finding that a motion to quash may be moot where a defendant seeking to protect her identity includes her name and address in the motion).

    In light of the disclosure to Plaintiff of the information sought in the subpoena, the Court finds that any ruling on the merits of Doe #10's motion to quash would have little, if any, practical effect.